UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEUTSCHE BANK TRUST COMPANY
AMERICAS,
    Plaintiff,

v.

MICHAEL PORZIO, et al.,
    Defendants.

Nos. 3:18-cv-1447 (VAB)

**RULING AND ORDER ON MOTION FOR REMAND**

On August 29, 2018, Deutsche Bank Trust Company Americas ("Plaintiff" or "Deutsche Bank") moved the Court to remand this case to Connecticut Superior Court. First Mot. to Remand, ECF No. 7.

For the reasons that follow, Deutsche Bank's motion to remand is **GRANTED**.

## I. BACKGROUND

On August 20, 2011, Deutsche Bank instituted a foreclosure action against Michael Porzio and potential secured creditor Wells Fargo in Connecticut state court. Conn. Super. Ct. Compl., ECF No. 1, at 8–13; *see also Deutsche Bank Trust Company Americas v. Porzio*, No. FST-CV11-6011134-S (Conn. Super. Ct.).

On April 29, 2014, Deutsche Bank prevailed in state court. *Deutsche Bank Trust Company Americas*, No. FST-CV11-6011134-S, Dkt. 154, at 8 ("The Court having found the plaintiff has standing, the court finds that the plaintiff has proven the elements of foreclosure. The court having rejected each of the twelve enumerated Special Defenses, and the other outlined defenses, finds the issues in this foreclosure lawsuit for the plaintiff."). Following the 2014 foreclosure decision, years of litigation ensued.

From 2014 to 2018, Mr. Porzio twice moved to vacate the judgment, *id.*, Dkt. 205, 243, moved to have the judgment dismissed for lack of subject matter jurisdiction, *id.*, Dkt. 196, and twice appealed the decision to the Connecticut Appellate Court, *Id.*, Dkt. 162, 199.

On June 26, 2018, the Connecticut Appellate Court removed the stay that had prevented the foreclosure of Mr. Porzio's property. *Id.*, Dkt. 259. Mr. Porzio's property was then appraised, as it had been several times before. *See Id.*, Dkt. 138, 180, 189, 228, 265. A few days after the appraisal was submitted to the Connecticut Superior Court, *id.*, Dkt. 265, Mr. Porzio removed the case to this Court. Notice of Removal, ECF No. 1.

## II. STANDARDS OF REVIEW

Removal is permitted of civil actions "of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). The party opposing a motion to remand bears the burden of showing that the requirements for removal are satisfied. *See United Food & Commercial Workers Union, Local 919, AFLCIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court"); *see also Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("'[T]he defendant bears the burden of demonstrating the propriety of removal'") (*quoting Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994)).

## III. DISCUSSION

This case must be remanded to Connecticut Superior Court for several reasons.

First, removal is improper because Mr. Porzio cannot assert diversity jurisdiction. Under 28 U.S.C. §1441(b)(2), removal is improper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2); s*ee also*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."). Defendant is a citizen of the state in which the action was brought—Connecticut. *See* Notice of Removal at 4, ("The case concerns Federal statutory and constitutional issues and does not require a diversity statement[.]"). Thus, removal is improper here.

Second, removal also is improper because this Court lacks federal question jurisdiction over Mr. Porzio's case. To invoke federal question jurisdiction, claims must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392.

No federal question is presented on the face of the underlying state court complaint. *See* Notice of Removal at 8–13. Rather, Mr. Porzio seeks to raise a federal question by attaching a Lanham Act claim to his Notice of Removal. *Id*. at 4; *see also* Def. Obj. to Remand at ¶ 3 ("The Plaintiff has misinterpreted the Defendant's notice of removal. The remand was for a uniquely Federal issue that only the District Court can decide, false advertising, which has a private

3

federal statutory civil remedy, *the Lanham Act of 1946*. . . ."). Mr. Porzio's Lanham Act allegation is insufficient to establish federal question jurisdiction, as the federal question must be present on the face of the complaint in the underlying action. *See, e.g.*, *Einhorn v. Best*, No. 10 Civ. 9377 (JSR) (JLC), 2011 WL 1046064, at *3 (S.D.N.Y. Feb. 10, 2011) ("The Bests may not remove the action based on federal question jurisdiction either. Although the Bests invoke federal law—the FDCPA, TILA, and the Constitution—in their Notice of Removal and Letter of Complaint and claim that the foreclosure proceeding was unlawful, such an invocation is insufficient to establish federal question jurisdiction under 28 U.S.C. § 1331. To invoke federal question jurisdiction, the plaintiff's claims alleged in the state court action must arise "under the Constitution, laws, or treaties of the United States.").

Because the Court lacks federal question jurisdiction, and, as a result, subject matter jurisdiction over this case, removal is improper and this case must be remanded. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Third, even if this Court had subject matter jurisdiction over this case — and for the reasons discussed above, it does not — this case must be remanded because of the untimeliness of Mr. Porzio's notice of removal. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Mr. Porzio, however, sought removal of this case nearly seven

4

years after the August 20, 2011 filing of the complaint in the underlying action, Super. Ct. Compl., ECF No. 1, at 8–13, well beyond the statutory deadline.[1]

Accordingly, Mr. Porzio cannot show that the requirements for removal have been satisfied. This Court therefore finds no support for removal from state court, and resolves any doubt—were there any—against removability. *See Purdue Pharma L.P.*, 704 F.3d at 213.[2]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand, ECF No. 7, is **GRANTED**. This case shall be remanded immediately to the Superior Court of Connecticut, Judicial District of Connecticut at Stamford. The Clerk for the District of Connecticut is respectfully directed to close this matter.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of January, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[1] Even if Mr. Porzio's attempted removal did not fail for any or all of the reasons addressed above, any challenge by Mr. Porzio to his state court judgments in federal court likely would be barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes a party "from seeking what is in substance appellate review of the state judgment in federal district court based on the party's claim that the state judgment violates his or her federal rights." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-15 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). If Mr. Porzio is challenging Deutsche Bank's business practices under the Lanham Act, those allegations fail for the reasons stated above. If Mr. Porzio is challenging his Connecticut state court judgments using the Lanham Act, that challenge is without merit under the *Rooker-Feldman* doctrine because this Court cannot provide appellate review of final state court actions. *See Graves v. Goodnow Flow Ass'n, Inc.*, No. 17-3457, 2018 WL 4037349, at *1 (2d Cir. Aug. 23, 2018) (summ. order) ("Under the Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments[.] Here, the New York State Supreme Court granted summary judgment . . . [Graves] invited the district court to review and reject the state court ruling by arguing that it violated his rights and was based on GFA's misrepresentations . . . the state court judgment was entered in 2014, two years before Graves filed his complaint in federal court. Accordingly, Graves's due process claim was barred by the *Rooker-Feldman* doctrine and the district court lacked jurisdiction to consider it.")

[2] Deustche Bank has requested attorney's fees "based on the sheer frivolity of Defendant's course of action and attempt by the Defendant to abuse judicial process to further forestall enforcement of Plaintiff's validly obtained judgment[.]" Mem. of Law in Supp. of Pls. Mot. for Remand, ECF No. 8, at 10. Because this Court lacks jurisdiction over this case and therefore, remands it to Connecticut Superior Court, this issue is moot.